ISRAEL THORNAL and wife

*v.*

EXECUTORS OF JEREMIAH C. FORCE.

1. Generally, a will must be read as speaking from the time it takes effect, and not from its date, unless its language, by a fair construction, indicates a contrary intention.

2. Where a testator directs that a legacy given to his married daughter shall be payable when she is left a widow, and it is clear the object in deferring payment was to prevent her husband, living at the date of the will, but who dies in the testator's life-time, from getting control of her legacy, the legacy will be payable when the estate is ready for distribution, though she married again in her father's life-time and has a husband living when she claims payment.

On final hearing, *ex parte*, on bill and proofs.

*Mr. A. V. Schenck*, for complainant.

THE VICE-CHANCELLOR.

This is a suit for a legacy. The complainant grounds her claim on the following clause of her father's will:

"I give all the residue of my estate, not otherwise disposed of, to my daughters, [here follow the names of his two unmarried daughters and of six married daughters, each married daughter being described as the wife of her husband, after this example: 'Georgiana, wife of John B. Williams,'] to be equally divided between them, share and share alike; and I do hereby order and direct my executors, the survivors and survivor of them, to put the shares or portions of my estate

Thornal *v.* Force's executors.

herein given to my daughters Elizabeth Ann Payne, Susan M. Craig, Josephine L. McCormick and Georgiana Williams, at interest, secured safely, and to pay the interest to my said daughters, respectively, annually; and in case either or any of my said four daughters should be left a widow or widows, then and in that case I order and direct my executors, the survivors or survivor of them, to pay to such daughter or daughters so left a widow or widows, the principal of her or their share or shares, with the interest that may be due thereon."

The will was executed February 28th, 1866; the complainant's husband, John B. Williams, died August 1st, 1868; she married her present husband April 15th, 1872, and the testator died September 1st, 1873.

The complainant contends that the event on which her legacy was to be payable has occurred, and that she is therefore entitled to it. The gift is made to her as the "wife of John B. Williams," and, in the direction to invest her share, she is described as the testator's daughter "Georgiana Williams." Had she remained unmarried up to the time of her father's death, it is clear her share would have been payable when the estate was ready for distribution. The condition on which it is payable is, that she shall be left a widow. The widow of whom? The person who was her husband when the will was made, or of such person as might subsequently become her husband? Generally, a will must be read as speaking from the time it takes effect, and not from its date, unless its language, by fair construction, indicates a contrary intention. Here the legatee is spoken of as the wife of a husband living at the date of the will; her share, as his wife, is directed to be invested, and when she is left a widow, by his death, the principal is ordered to be paid to her. At the date of the will the testator had six married daughters; the shares of two of them are ordered to be paid to them, and those of the other four are ordered to be invested, and the principal paid to them as they respectively become widows. A distinction is made. Its purpose is obvious. The testator intended to prevent the husbands of the four from getting control of their wives' shares of his estate. It was a discrimination against the

persons who were then the husbands of the four, and could not have had reference to the persons who might thereafter hold that relation, for the right to the possession of the principal occurred on being left a widow, not on condition that she remained so. In view of these considerations, it appears to me to be quite clear that the testator intended his daughter Georgiana should only be deprived of the possession of her share so long as there was any danger that the person who was her husband at the date of the will might get control of it, but when that was removed, by his death, it should be paid to her. The discrimination was not against the legatee, but against the person who happened to be her husband at the date of the will.

Under this construction the complainant is entitled to the principal of her legacy.